IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADANI EXPORTS LIMITED., | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-00304 |
| v. | ) | |
| | ) | |
| AMCI (EXPORT) CORPORATION, | ) | |
| AMERICAN METALS & COAL | ) | |
| INTERNATIONAL INC., XCOAL | ) | |
| ENERGY AND RESOURCES, XCOAL | ) | |
| ENERGY AND RESOURCES, LLC, | ) | |
| K-M INVESTMENT CORPORATION, | ) | |
| ERNIE THRASHER, HANS J. MENDE, | ) | |
| and FRITZ R. KUNDRUN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

June 26, 2006

Presently before the Court for disposition is the MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6), with brief in support filed by Defendants, Xcoal Energy and Resources and Xcoal Energy and Resources LLC (*Document No. 55*), and the brief in opposition filed by Plaintiff, Adani Exports Limited (*Document No. 57*). After due consideration of the filings of the parties and the applicable case law, the Motion to Dismiss will be denied.

<u>Background</u>

On April 13 2006, Plaintiff, Adani Exports Limited ("Adani"), filed a six-count Amended Complaint (*Document No. 47*) in this Court against Defendants, AMCI (Export) Corporation ("Export"), American Metals & Coal International Inc. ("AMCI"), Xcoal Energy and Resources and Xcoal Energy and Resources, LLC (collectively referred to as "Xcoal"), K-M Investment

Corporation ("K-M"), and Ernie Thrasher, Hans J. Mende, and Fritz R. Kundrun (collectively referred to as the "Individual Defendants"). All of Plaintiff's claims arise from a single contract allegedly entered into between Adani and Export. Adani alleges, *inter alia*, that because Export was undercapitalized, it was unable to fulfill its contractual obligations to Adani. Therefore, through a series of alleged fraudulent transfers and transactions, AMCI, K-M, and the Individual Defendants, developed and implemented a scheme whereby the coal trading business and assets of Export were fraudulently transferred to Xcoal.

In its Amended Complaint, Adani alleges that Xcoal is responsible for Export's liabilities, including all damages which have arisen from Export's breach of contract, under two theories: (1) successor liability and/or (2) fraudulent conversion.

Xcoal has filed the instant Motion to Dismiss in which it argues that the breach of contract claim asserted in Count I of the Amended Complaint should be dismissed as it pertains to Xcoal for two reasons, *to wit:* (1) Count I contains no allegations against Xcoal; and (2) there is no privity of contract between Adani and Xcoal.

Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Discussion

At the outset, the Court recognizes that Count I is somewhat ambiguous as Adani appears to seek judgment only from Export in the ad damnum clause and that Xcoal is not specifically referenced by name. However, the Court finds that it is clear from other references in the Amended Complaint that Adani has made allegations against and seeks damages from Xcoal as a result of the alleged breach of contract by Export. Amended Compl. ¶¶ 49-53. For example, the caption to Count I is not limited to Export but rather states, "**COUNT I- BREACH OF CONTRACT (All Defendants)**." Amended Compl. at 11. Additionally, Count I states that all allegations of Count I reallege ¶¶ 1-48 "as if set forth fully." Amended Compl. ¶ 49. A review of ¶¶ 1-48 clearly reveals that Xcoal and its alleged relationship with Export and the other co-defendants named in this matter is extensively addressed. Amended Compl. ¶¶ 1-48.

Moreover, in Count IV of the Amended Complaint, Plaintiff alleges that Xcoal has successor liability and is responsible for the liabilities of Export, including the debts owed to Adani. Amended Compl. ¶ 81.

Considering the Amended Complaint as a whole and viewing it in the light most favorable to Adani, it is clear that Adani contends that Xcoal is liable for the damages arising from the breach of contract by Export as alleged in Count I.

Xcoal's second argument, that it cannot be held liable for the breach of contract claim due to a lack of privity, also fails. In Count IV, Adani alleges that Xcoal has successor liability for Export's liabilities because (1) Xcoal is a continuation of Export, (2) the assets of Export were fraudulently transferred to Xcoal to escape liability, and (3) the assets of Export were transferred to Xcoal without adequate consideration. Amended Compl. ¶¶ 70-82.

The general rule of successor liability in Pennsylvania is that a company is not responsible for the liabilities of a transferor company merely because of succession. *Dawejko v. Jorgenson Steel Co.*, 434 A.2d 107 (Pa. Super. Ct. 1981).

> However, the general rule does not apply and liability attaches to the successor when one of the following is shown: 1) The purchaser expressly or impliedly agrees to assume such obligation; 2) The transaction amounts to a consolidation or merger; 3) The purchasing corporation is merely a continuation of the selling corporation; *4) The transaction is fraudulently entered into to escape liability; 5) The transfer was not made for adequate consideration and provisions were not made for the creditors of the transferor*; 6) The successor undertakes to conduct the same manufacturing operation of the transferor's product lines in essentially an unchanged manner. The successor is then strictly liable for injuries caused by defects in the product line, even if previously manufactured and distributed by the transferor.

*Simmers v. American Cyanamid* 576 A.2d 386 (Pa. Super. Ct. 1990) (emphasis added). *See also Dawejko*, 434 A.2d at 110; *Philadelphia Electric Co. v. Hercules, Inc.*, 762 F.2d 303 (3rd Cir. 1985).

If successor liability attaches, the successor "shall stand in the shoes" of the company which it succeeded for liability purposes. *Dillman v. Indiana Rolls, Inc.*, 67 Pa. D. & C. 4th 294,

4

303 (2004).  Therefore, it is not required that the successor company be a party to a contract in order to be held liable for a breach of that contract.  *See e.g. Bird Hill Farms, Inc. v. United States Cargo and Courier Service, Inc.*, 845 A.2d 900, 905-06 (Pa. Super. Ct. 2004).

Adani asserts that successor liability has attached to Xcoal under three possible theories: (i) continuation, ¶ 47, ¶¶ 70-78, (ii) fraudulent transfer, ¶ 37,¶¶ 54-68, ¶ 79, and (iii) insufficient consideration, ¶ 43, ¶ 80.  Any of these theories, if proven, could require Xcoal to "step into the shoes" of Export and, accordingly, be held responsible for Export's liabilities.

Facts gleaned through discovery at summary judgment may support Xcoal's position that successor liability should not attach to it; however, until such time, the Court finds and rules that Adani may maintain its action for breach of contract against Xcoal.

## Conclusion

For the foregoing reasons, the Motion to Dismiss Count I of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Xcoal Energy and Resources and Xcoal Energy and Resources, LLC *(Document No. 56)*  will be denied.

An appropriate Order follows.


McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADANI EXPORTS LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 2:05-cv-00304 |
| v. | ) | |
| | ) | |
| **AMCI (EXPORT) CORPORATION,** | ) | |
| **AMERICAN METALS & COAL** | ) | |
| **INTERNATIONAL INC., XCOAL** | ) | |
| **ENERGY AND RESOURCES, XCOAL** | ) | |
| **ENERGY AND RESOURCES, LLC,** | ) | |
| **K-M INVESTMENT CORPORATION,** | ) | |
| **ERNIE THRASHER, HANS J. MENDE,** | ) | |
| **and FRITZ R. KUNDRUN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF COURT

AND NOW, this 26th day of June 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) filed by Defendants Xcoal Energy and Resources and Xcoal Energy and Resources, LLC *(Document No. 55)* is **DENIED.**

It is further **ORDERED** that Defendants Xcoal Energy and Resources and Xcoal Energy and Resources, LLC shall file an Answer to the Amended Complaint on or before **July 7, 2006.**

        BY THE COURT:

        s/ Terrence F. McVerry
        United States District Court Judge

cc:

ADANI EXPORTS LIMITED
    Douglas C. Hart, Esquire
        Email: dhart@epqlawyers.com
    Gerald Zingone, Esquire
        Email: gzingone@thelenreid.com
    Manning J. O'Connor II, Esquire
        Email: moconnor@leechtishman.com

AMCI CORP:
    Alexander W. Saksen, Esquire
        Email: saksenaw@bipc.com
    Matthew F. Burger, Esquire
        Email: burgermf@bipc.com
    Stanley Parker, Esquire
        Email: parkersj@bipc.com
    Bruce A. Americus, Esquire
        Email: americusba@bipc.com

AMERICAN METALS and K-M INVESTMENT CORPORATION
    Jason A. Archinaco, Esquire
        Email: archinacoj@whiteandwilliams.com
    Richard M. Jordan, Esquire
        Email: jordanr@whiteandwilliams.com

XCOAL ENERGY & RESOURCES
XCOAL ENERGY & RESOURCES, LLC
    Jeremy A. Mercer, Esquire
        Email: jmercer@klng.com
    Joseph Leibowicz, Esquire
        Email: klngeservice@klng.com
    Gina Mercurio, Esquire
        Email: gmercurio@klng.com

ERNIE THRASHER - Pro Se
810 Weldon Street
Latrobe, PA 15650

FRITZ R. KUNDRUN
    Stuart C. Gaul, Jr., Esquire
        Email: sgauljr@thorpreed.com
    William M. Wycoff, Esquire
        Email: wwycoff@thorpreed.com

HANS J. MENDE
      Frederick W. Thieman, Esquire
            Email: fwt@thiemanward.com