IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADANI EXPORTS LIMITED, | ) |
| | ) |
| Plaintiff, | )   2:05-cv-00304 |
| v. | ) |
| | ) |
| AMCI (EXPORT) CORPORATION, | ) |
| AMERICAN METALS & COAL | ) |
| INTERNATIONAL INC., XCOAL | ) |
| ENERGY AND RESOURCES, XCOAL | ) |
| ENERGY AND RESOURCES, LLC, | ) |
| K-M INVESTMENT CORPORATION, | ) |
| ERNIE THRASHER, HANS J. MENDE, | ) |
| and FRITZ R. KUNDRUN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

October 10, 2006

    Presently before the Court for disposition is the MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, with brief in support filed by Defendant, K-M Investment Corporation ("K-M") (*Document Nos. 60 and 61*) and the brief in opposition filed by Plaintiff, Adani Exports Limited (*Document No. 75*).

    After due consideration of the filings of the parties and the applicable case law, the Motion to Dismiss will be denied.

Background

    On April 13 2006, Plaintiff, Adani Exports Limited ("Adani"), filed a six-count Amended Complaint (*Document No. 47*) in this Court against Defendants, AMCI (Export) Corporation ("Export"), American Metals & Coal International Inc. ("AMCI"), Xcoal Energy and Resources

and Xcoal Energy and Resources, LLC (collectively referred to as "Xcoal"), K-M Investment Corporation ("K-M"), and Ernie Thrasher, Hans J. Mende, and Fritz R. Kundrun (collectively referred to as the "Individual Defendants").  All of Plaintiff's claims arise from a single contract allegedly entered into between Adani and Export.  Adani alleges, *inter alia*, that because Export was undercapitalized, it was unable to fulfill its contractual obligations to Adani.  Therefore, through a series of alleged fraudulent transfers and transactions, AMCI, K-M, and the Individual Defendants, developed and implemented a scheme whereby the coal trading business and assets of Export were fraudulently transferred to Xcoal.

In its Amended Complaint, Adani alleges that K-M is liable for Export's breach of contract under a theory of alter ego liability. K-M has filed the instant Motion to Dismiss in which it argues that all claims against it should be dismissed because "Adani's attempt to pierce AMCI Inc.'s corporate veil and impose alter ego liability against K-M is completely unwarranted, even accepting all of Adani's allegations as true." *K-M Br. at 1.*  K-M argues that piercing the corporate veil is "an extraordinary remedy . . . [that] will only be employed in exceptional circumstances." *Id.* at 2 (*quoting Fort Washington Resources, Inc., v. Tannen*, 153 F.R.D. 565, 567 (E.D. Pa. 1994)).  Further, K-M alleges that the allegations of alter ego liability against it are "little more than generalized legal conclusions [and] are certainly insufficient to state a claim of alter ego liability under Pennsylvania law." *Id.* at 2.

Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well pleaded allegations of fact.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ.*

*Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant.  *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001).  Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

      The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## Discussion

      In Count VI of the Amended Complaint, Plaintiff alleges that K-M has alter ego liability and is responsible for the liabilities of Export, including the debts owed to Adani. *Amended Compl.* ¶ *99.*  The Court finds and rules that K-M 's argument, that the alter ego allegations in Count VI should be dismissed because the allegations "simply do not raise to the level required to support a claim for alter ego liability under Pennsylvania law," is without merit at this stage of the litigation.  The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's

3

claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A review of the Amended Complaint reveals that Adani's allegations are more than sufficient to withstand the objections of K-M. For instance, Adani specifically pleads, *inter alia,* the following:

- the presence of interlocking directorates (Am. Compl. at ¶¶ 16, 94);

- that K-M caused AMCI Inc. to undercapitalize AMCI Export (Am. Compl. at ¶¶ 35, 36, 46, 90-93);

- that K-M, AMCI Inc., and AMCI Export intermingled funds (Am. Compl. at ¶¶ 93, 95, 97); and

- that the dominion and control exercised by K-M was used to perpetrate a fraud through the undercapitalization of AMCI Export (Am. Compl. at ¶¶ 35-48).

The Court finds that Adani has complied with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The allegations of the Complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2).

Facts gleaned through discovery at summary judgment may support K-M's position that this is not that rare case in which the corporate veil should be pierced. However, until such time, the Court finds and rules that the allegations against K-M contained in the Amended Complaint are sufficient to withstand the instant motion to dismiss.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant K-M Investment Corporation *(Document No. 60)* will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADANI EXPORTS LIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 2:05-cv-00304 |
| v. | ) | |
| | ) | |
| **AMCI (EXPORT) CORPORATION,** | ) | |
| **AMERICAN METALS & COAL** | ) | |
| **INTERNATIONAL INC., XCOAL** | ) | |
| **ENERGY AND RESOURCES, XCOAL** | ) | |
| **ENERGY AND RESOURCES, LLC,** | ) | |
| **K-M INVESTMENT CORPORATION,** | ) | |
| **ERNIE THRASHER, HANS J. MENDE,** | ) | |
| **and FRITZ R. KUNDRUN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF COURT

AND NOW, this 10th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant K-M Investment Corporation is **DENIED.**

It is further **ORDERED** that Defendant K-M Investment Corporation shall file an Answer to the Amended Complaint on or before **October 20, 2006.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

ADANI EXPORTS LIMITED
    Douglas C. Hart, Esquire
        Email: dhart@epqlawyers.com
    Gerald Zingone, Esquire
        Email: gzingone@thelenreid.com
    Manning J. O'Connor II, Esquire
        Email: moconnor@leechtishman.com

AMCI (EXPORT) CORP:
    Alexander W. Saksen, Esquire
        Email: saksenaw@bipc.com
    Matthew F. Burger, Esquire
        Email: burgermf@bipc.com
    Stanley Parker, Esquire
        Email: parkersj@bipc.com
    Bruce A. Americus, Esquire
        Email: americusba@bipc.com

AMERICAN METALS & COAL INTERNATIONAL INC.
    Jason A. Archinaco, Esquire
        Email: archinacoj@whiteandwilliams.com
    Richard M. Jordan, Esquire
        Email: jordanr@whiteandwilliams.com

K-M INVESTMENT CORPORATION
    Richard M. Jordan, Esquire
        Email: jordanr@whiteandwilliams.com

XCOAL ENERGY & RESOURCES
XCOAL ENERGY & RESOURCES, LLC
    Jeremy A. Mercer, Esquire
        Email: jmercer@klng.com
    Joseph Leibowicz, Esquire
        Email: klngeservice@klng.com
    Gina Mercurio, Esquire
        Email: gmercurio@klng.com

ERNIE THRASHER
    Jeremy A. Mercer, Esquire
        Email:  jmercer@klng.com
    Joseph Leibowicz, Esquire
        Email:  klngeservice@klng.com
    Gina Crossey, Esquire
        Email:  gcrossey@klng.com

FRITZ R. KUNDRUN
    Stuart C. Gaul, Jr., Esquire
        Email: sgauljr@thorpreed.com
    William M. Wycoff, Esquire
        Email: wwycoff@thorpreed.com

HANS J. MENDE
    Frederick W. Thieman, Esquire
        Email: fwt@thiemanward.com