IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADANI EXPORTS LIMITED,** | ) |
| | ) |
| **Plaintiff,** | )   2:05-cv-00304 |
| v. | ) |
| | ) |
| **AMCI (EXPORT) CORPORATION,** | ) |
| **AMERICAN METALS & COAL** | ) |
| **INTERNATIONAL INC., XCOAL** | ) |
| **ENERGY AND RESOURCES, XCOAL** | ) |
| **ENERGY AND RESOURCES, LLC,** | ) |
| **K-M INVESTMENT CORPORATION,** | ) |
| **ERNIE THRASHER, HANS J. MENDE,** | ) |
| **and FRITZ R. KUNDRUN,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

October 10, 2006

 Presently before the Court for disposition are the following:

 • MOTION TO DISMISS COUNTS I AND VI OF PLAINTIFF'S AMENDED COMPLAINT, with brief in support, filed by Defendant Hans J. Mende (*Document Nos. 62 and 63*);

 • MOTION TO DISMISS COUNTS I AND VI, with brief in support, filed by Defendant Fritz R. Kundrun (*Document Nos. 65 and 66*);

 • ADANI'S CONSOLIDATED BRIEF IN OPPOSITION TO HANS MENDE'S AND FRITZ KUNDRUN'S MOTIONS TO DISMISS *(Document No. 76);*

 • REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I AND VI filed by Fritz R. Kundrun *(Document No. 79)*; and

- ADANI'S SURREPLY IN OPPOSITION TO KUNDRUN'S MOTION TO DISMISS (*Document No. 81*).

After due consideration of the filings of the parties and the applicable case law, the Motions to Dismiss will be denied.

## Background

On April 13 2006, Plaintiff, Adani Exports Limited ("Adani"), filed a six-count Amended Complaint (*Document No. 47*) in this Court against Defendants, AMCI (Export) Corporation ("Export"), American Metals & Coal International Inc. ("AMCI"), Xcoal Energy and Resources and Xcoal Energy and Resources, LLC (collectively referred to as "Xcoal"), K-M Investment Corporation ("K-M"), and Ernie Thrasher ("Thrasher"), Hans J. Mende ("Mende"), and Fritz R. Kundrun ("Kundrun") (collectively referred to as the "Individual Defendants"). All of Plaintiff's claims arise from a single contract allegedly entered into between Adani and Export. Adani alleges, *inter alia*, that because Export was undercapitalized, it was unable to fulfill its contractual obligations to Adani. Therefore, through a series of alleged fraudulent transfers and transactions, AMCI, K-M, and the Individual Defendants, developed and implemented a scheme whereby the coal trading business and assets of Export were fraudulently transferred to Xcoal.

In its Amended Complaint, Adani alleges that defendants Mende and Kundrun are the ultimate alter egos of AMCI Export *vis a vis* their dominion, control and manipulation of AMCI Export's upstream parent corporations, AMCI Inc. and K-M.[1] Distilled to their essence, the allegations against Mende and Kundrun are that (i) Mende and Kundrun dominated and controlled

---

[1] Additionally, Mende and Kundrun, along with Thrasher, are named as defendants in Count V of the Amended Complaint in which Adani alleges civil conspiracy; however, neither Mende nor Kundrun have moved to dismiss Count V.

the corporate entities such that their corporate separateness should not be respected; and (ii) Mende and Kundrun abused the corporate forms of K-M, AMCI Inc. and AMCI Export in order to perpetrate a fraud.

## Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73(1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## Discussion

Mende and Kundrun have filed the instant Motions to Dismiss in which they each argue that Count I should be dismissed against them because there is no privity of contract between them and Adani and Count VI should dismissed against them because there are insufficient facts alleged

3

in the Amended Complaint to support alter ego liability. The Court finds that both arguments are without merit.

As to Count I, while it is undisputed that defendants Mende and Kundrun were not parties to the contract at issue, once the corporate veil is pierced, the fiction that the corporation is a separate legal entity from its owners is set aside. *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 565, 567 (E.D. Pa. 1994). "Where the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity; therefore, its acts are truly his." *The Village at Camelback Property Owners Assn. Inc. v. Carr*, 538 A.3d 528 (Pa. Super. 1988).

As to Count VI of the Amended Complaint, the Court finds and rules that the arguments of Mende and Kundrun that the alter ego allegations in Count VI should be dismissed because the allegations are insufficient to state a claim, are without merit at this stage of the litigation. The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A review of the Amended Complaint reveals that Adani's allegations are more than sufficient to withstand the objections of Mende and Kundrun. For instance, Adani specifically pleads, *inter alia,* the following:

- the presence of interlocking directorates (Am. Compl. at ¶¶ 16, 94);

- that K-M, AMCI Inc., and AMCI Export operated from the same offices in Latrobe, Pennsylvania; (Am. Compl. at ¶¶ 92, 93);

4

- that Mende and Kundrun abused the corporate form of their companies to keep AMCI Export undercapitalized, so as to perpetrate a fraud on its creditors (Am. Compl. at ¶¶ 35 - 48);

- that K-M, AMCI Inc., and AMCI Export intermingled funds (Am. Compl. at ¶¶ 95, 97, 98); and

- that the dominion and control exercised by K-M was used to perpetrate a fraud through the undercapitalization of AMCI Export (Am. Compl. at ¶¶ 35-48).

The Court finds that Adani has complied with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The allegations of the Complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2).

Facts gleaned through discovery at summary judgment may support the position of Mende and Kundrun that this is not that rare case in which the corporate veil should be pierced. However, until such time, the Court finds and rules that the allegations against Mende and Kundrun contained in Counts I and VI of the Amended Complaint are sufficient to withstand the instant motions to dismiss.

## Conclusion

For the foregoing reasons, the Motions to Dismiss Counts I and VI of Plaintiff's Amended Complaint filed by Defendants Hans J. Mende and Fritz R. Kundrun (*Document Nos. 62 and 65)* will be denied

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADANI EXPORTS LIMITED,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-00304 |
| v. | ) | |
| | ) | |
| **AMCI (EXPORT) CORPORATION,** | ) | |
| **AMERICAN METALS & COAL** | ) | |
| **INTERNATIONAL INC., XCOAL** | ) | |
| **ENERGY AND RESOURCES, XCOAL** | ) | |
| **ENERGY AND RESOURCES, LLC,** | ) | |
| **K-M INVESTMENT CORPORATION,** | ) | |
| **ERNIE THRASHER, HANS J. MENDE,** | ) | |
| **and FRITZ R. KUNDRUN,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 10th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

(i) the Motion to Dismiss Counts I and VI of Plaintiff's Amended Complaint filed by Defendant Hans J. Mende (*Document No. 62*) is **DENIED**; and

(ii) the Motion to Dismiss Counts I and VI of Plaintiff's Amended Complaint filed by Defendant Fritz R. Kundrun (*Document No. 65)* is **DENIED**.

It is further **ORDERED** that Defendants Hans J. Mende and Fritz R. Kundrun shall each file an Answer to the Amended Complaint on or before **October 20, 2006.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

ADANI EXPORTS LIMITED
    Douglas C. Hart, Esquire
        Email: dhart@epqlawyers.com
    Gerald Zingone, Esquire
        Email: gzingone@thelenreid.com
    Manning J. O'Connor II, Esquire
        Email: moconnor@leechtishman.com

AMCI (EXPORT) CORP:
    Alexander W. Saksen, Esquire
        Email: saksenaw@bipc.com
    Matthew F. Burger, Esquire
        Email: burgermf@bipc.com
    Stanley Parker, Esquire
        Email: parkersj@bipc.com
    Bruce A. Americus, Esquire
        Email: americusba@bipc.com

AMERICAN METALS & COAL INTERNATIONAL INC.
    Jason A. Archinaco, Esquire
        Email: archinacoj@whiteandwilliams.com
    Richard M. Jordan, Esquire
        Email: jordanr@whiteandwilliams.com

K-M INVESTMENT CORPORATION
    Richard M. Jordan, Esquire
        Email: jordanr@whiteandwilliams.com

XCOAL ENERGY & RESOURCES
XCOAL ENERGY & RESOURCES, LLC
    Jeremy A. Mercer, Esquire
        Email: jmercer@klng.com
    Joseph Leibowicz, Esquire
        Email: klngeservice@klng.com
    Gina Mercurio, Esquire
        Email: gmercurio@klng.com

ERNIE THRASHER
      Jeremy A. Mercer, Esquire
           Email:  jmercer@klng.com
      Joseph Leibowicz, Esquire
           Email:  klngeservice@klng.com
      Gina Crossey, Esquire
           Email:  gcrossey@klng.com

FRITZ R. KUNDRUN
      Stuart C. Gaul, Jr., Esquire
           Email: sgauljr@thorpreed.com
      William M. Wycoff, Esquire
           Email: wwycoff@thorpreed.com

HANS J. MENDE
      Frederick W. Thieman, Esquire
           Email: fwt@thiemanward.com