**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADANI EXPORTS LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:05-cv-00304** |
| **v.** | ) | |
| | ) | |
| **AMCI (EXPORT) CORPORATION,** | ) | |
| **AMERICAN METALS & COAL** | ) | |
| **INTERNATIONAL INC., K-M** | ) | |
| **INVESTMENT CORPORATION, FRITZ** | ) | |
| **R. KUNDRUN, HANS J. MENDE, ERNIE** | ) | |
| **THRASHER, XCOAL ENERGY &** | ) | |
| **RESOURCES and XCOAL ENERGY &** | ) | |
| **RESOURCES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

Pending before the Court for disposition are DEFENDANT AMCI-EXPORT

CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Document

No. 106) and DEFENDANT AMCI-EXPORT CORPORATION'S MOTION FOR

RECONSIDERATION OF THIS COURT'S APRIL 4, 2007 MEMORANDUM ORDER

REGARDING DEPOSITIONS (Document No. 107). Plaintiff Adani has filed responses to the

motions (Document Nos. 108, 109) and they are ripe for resolution.

AMCI's Motion to Compel asserts that Defendant is entitled to discover facts regarding

Adani's contention that it was forced to purchase "cover coal" to supply its customer as a result

of AMCI's alleged breach. While the Court accepts this general premise, AMCI has failed to

provide specifics regarding the alleged shortcomings of Adani's document production to date.

Adani's response represents that it has already produced all documents concerning its 2004

transactions that are relevant to "cover coal" and mitigation of damages, and also produced

additional documents and a chart showing all coal purchases during 2004.  AMCI has failed to

explain why this response is insufficient.  Accordingly, DEFENDANT AMCI-EXPORT

CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Document

No. 106) is hereby **DENIED**.[1]

AMCI's Motion for Reconsideration articulates numerous difficulties inherent in

conducting an international deposition and in conducting a deposition by videoconference. The

Court ordered that in light of the deponents' positions as senior executives and their allegedly

limited involvement in the underlying transaction, their depositions "be taken by telephone or

other remote means, such as video teleconferencing, unless such is completely impractical or

otherwise unachievable." Defendant's litany of difficulties relating to a language barrier, court

reporter, time difference, videographer, exhibits, and multiple parties simply do not rise to the

level of "complete impracticality."  As Adani points out in its response, AMCI has not described

its diligent efforts to overcome these difficulties, nor has it shown that any of these issues are

insurmountable.  Indeed, as Adani notes, there are court reporting companies that may be able to

assist with the arrangements for these depositions.  Accordingly, DEFENDANT AMCI-

EXPORT CORPORATION'S MOTION FOR RECONSIDERATION OF THIS COURT'S

APRIL 4, 2007 MEMORANDUM ORDER REGARDING DEPOSITIONS (Document No. 107)

is hereby **DENIED**.  The Court's Order of April 4, 2007 does not preclude AMCI's counsel from

deciding to conduct the depositions in person, in India.

---

[1]The Court notes that during the attorneys' efforts to amicably resolve this dispute, Adani "offered to also produce the contracts and sales invoices for each of the 2004 coal purchases that it had not already produced (that is, documents for non-cover purchases in 2004)."  Plaintiff's Response at 6.  The Court directs Adani to produce the referenced documents.

The Motion for Reconsideration has been pending for approximately two weeks, during which time the extension of discovery provided by the Court's order dated April 4, 2007 has been diminished.  Accordingly, discovery is hereby extended for an additional thirty (30) days, until May 20, 2007, for said depositions to be completed.  All other affected case management deadlines will be extended as well.  Counsel are directed to confer and submit a joint proposed case management order to reflect the new dates.

It is so **ORDERED** this 20th day of April, 2007.


BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge



cc:     Douglas C. Hart, Esquire
        Email: dhart@epqlawyers.com
        Gerald Zingone, Esquire
        Email: gzingone@thelenreid.com
        Manning J. O'Connor II, Esquire
        Email: moconnor@leechtishman.com

AMCI (EXPORT) CORPORATION
        Alexander W. Saksen, Esquire
        Email: saksenaw@bipc.com
        Matthew F. Burger, Esquire
        Email: burgermf@bipc.com
        Stanley Parker, Esquire
        Email: parkersj@bipc.com
        Bruce A. Americus, Esquire
        Email: americusba@bipc.com

AMERICAN METALS & COAL INTERNATIONAL INC.
K-M INVESTMENT CORPORATION
 Jason A. Archinaco, Esquire
 Email: archinacoj@whiteandwilliams.com
 Richard M. Jordan, Esquire
 Email: jordanr@whiteandwilliams.com

FRITZ R. KUNDRUN
 Stuart C. Gaul, Jr., Esquire
 Email: sgauljr@thorpreed.com
 William M. Wycoff, Esquire
 Email: wwycoff@thorpreed.com

HANS J. MENDE
 Frederick W. Thieman, Esquire
 Email: fwt@thiemanward.com

ERNIE THRASHER
XCOAL ENERGY & RESOURCES
XCOAL ENERGY & RESOURCES, LLC
 Jeremy A. Mercer, Esquire
 Email: jmercer@klng.com
 Joseph Leibowicz, Esquire
 Email: klngeservice@klng.com
 Gina Crossey, Esquire
 Email: gcrossey@klng.com
 Syed M. Ahmad, Esquire
 Email: sahmad@klng.com