**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ADANI EXPORTS LIMITED,       )
          )
        Plaintiff,      )
          )
        v.        )     02: 05cv0304
          )
AMCI EXPORT CORPORATION, et al,   )
          )
        Defendants.    )

**MEMORANDUM ORDER**

Presently before the Court is the MOTION TO COMPEL AMCI EXPORT TO PROVIDE EXPERT DISCOVERY AND TO ADJUST THE PRETRIAL SCHEDULE, with brief in support filed by Plaintiff, Adani Exports Limited ("Adani") (Document Nos. 163 and 164), the RESPONSE IN OPPOSITION filed by AMCI-Export Corporation ("AMCI-Export") (Document No. 165), and the REPLY BRIEF filed by Adani (Document No. 166). For the reasons that follow, the motion will be granted in part and denied in part.

After a status conference held on December 12, 2007, at which counsel for all parties were in attendance, the Court issued its Fourth Case Management / Scheduling Order which, in relevant part, set forth the schedule for the production of expert reports and expert dispositions. AMCI-Export was to file its expert report(s) on or before April 15, 2008; Adani was to file its expert(s) reports on or before May 15, 2008 (if it elected to engage an expert); and all expert depositions were to be completed on or before June 5, 2008.

On April 15, 2008, in compliance with the Case Management / Scheduling Order, AMCI Export served and filed two experts reports: (i) the report of Colin Gubbins and (ii) the report of Mark M. Gleason.

On April 24, 2008, Adani served notices in which it sought to take the depositions of both experts of AMCI-Export on May 8 and May 9, 2008. AMCI-Export proposed several alternatives in late May and early June for the depositions. AMCI-Export also objected to the scheduling of either deposition prior to the date on which any expert report from Adani was produced.

Adani rejected these proposed dates and insisted that the depositions of AMCI-Export's experts must take place prior to Adani filing its own expert report(s).

On April 24, 2008, Adani served its Fourth Set of Document Requests upon AMCI-Export, which seeks documents relating to AMCI-Export's experts, specifically the Barlow-Jonkers *Coal 2005* publication, upon which expert Colin Gubbins apparently relied. Counsel for Plaintiff requested that this publication be produced on an expedited basis.

On that same date, Adani served its Fifth Set of Document Requests upon AMCI-Export in which it requested, *inter alia*, "all McCloskey's Coal Reports and McCloskey's Fax for the period December 2003 through the end of 2004," again reports relied upon by Mr. Gubbins, and by Mr. Gleason by incorporation.

On May 1, 2008, counsel for AMCI-Export advised counsel for Adani that he was attempting to obtain the Barlow-Jonkers *Coal 2005* publication and would produce same on an expedited basis, as requested. In this same correspondence, counsel for AMCI-Export provided copies of the *McCloskey's* reports and the *Clarkson* reports, as requested in the Fifth Set of Document Requests.

On May 5, 2008, Adani filed the instant Motion to Compel in which it requests the Court to revise the Fourth Case Management / Scheduling Order to allow Adani until June 5,

2008 to take the depositions of AMCI-Export's experts and until June 15, 2008, to file its

expert report(s). Additionally, Adani requests that AMCI-Export produce all materials

considered by its experts in forming the opinions set forth in their expert reports, and in

particular the *Barlow Jonkers* report, the *McCloskey* reports, and the *Clarkson* reports by May

9, 2008.

Interestingly, although the requested *McCloskey* and *Clarkson* reports have been

produced, Adani contends that the issue is not moot as AMCI-Export produced only selected

pages from the Clarkson reports, not the entire reports. *See* Reply Brief at n1.

Adani continues to argue that the sequencing of expert depositions should be revised

because:

> Adani does not intend to present expert testimony to prove the existence of
> contract, the breach of the contract and its damages. It is AMCI Export
> that seeks to use expert testimony to support its defenses and to try to
> prove that Adani's mitigation efforts were not reasonable. The law is clear
> that the breaching party - here AMCI Export - has the burden to prove that
> Adani's mitigations were not reasonable. (citation omitted) Adani merely
> intends to present expert testimony to rebut the opinions offered by AMCI
> Export's experts.

Reply Br. at 4.

Addressing Adani's arguments in reverse order, the Court finds that the argument of

Adani with regard to the sequencing of expert depositions is without merit. Adani is correct

regarding the unique burden of proof presented by its decision to not present expert testimony;

however, this simply does not change the fact that expert depositions should not be taken before

both parties have exchanged their expert(s) reports. Accordingly, in accordance with the

standard practice and custom in the Western District of Pennsylvania, no expert deposition shall

be taken before all expert(s) reports have been exchanged.

Next, Adani continues to pursue its Motion to Compel regarding the production of the *Barlow Jonkers* report, the *McCloskey* reports, and the *Clarkson* reports, reports upon which AMCI-Export experts relied. With regard to the *Barlow Jonkers* report, counsel for AMCI-Export has represented to the Court that it in the process of obtaining the report and will produce same on an expedited basis once same is obtained. There is no reason to believe that counsel for AMCI-Export will not do so.

With regard to the *McCloskey* reports, Adani argues that the motion is not moot because these reports were produced twenty-two days late. However, the Court can not compel production of something which has already been produced. Therefore, the request to produce the *McCloskey* reports is denied as moot.

Last, with regard to the *Clarkson* reports, Adani does not deny that same have been produced, but rather states that the reports were not produced in their entirety. The Court is unable to determine from the record whether the expert(s) for AMCI-Export relied on the *Clarkson* reports in their entirety or only upon those portions which have been produced. Accordingly, to the extent that Messrs. Gubbins and Gleason relied on additional portions of the Clarkson reports which have not been produced, AMCI-Export shall produce those portions forthwith.

It is hereby **ORDERED** that the Fourth Case Management / Scheduling Order is hereby revised as follows:

2.     **EXPERT REPORTS AND DISCOVERY:**

Counsel for Plaintiff has advised that he will not be presenting an expert witness regarding damages in his case-in-chief. Counsel for Defendant intends to present expert testimony regarding damages. Counsel for Plaintiff

requests the opportunity to assess and potentially present expert testimony in rebuttal to Defendant's expert.

    (a)    Defendant's expert report(s) shall be filed on or before **April 15, 2008**.

    (b)    Plaintiff's expert report(s) shall be filed on or before **May 30, 2008**.

    (c)    All expert depositions shall be completed between **May 30, 2008** and **June 20, 2008**.

    (d)    Any motions which challenge the qualifications of any proposed expert witness and/or the substance of such expert's testimony shall be filed on or before **June 30, 2008**.

3.    Plaintiff's Pretrial Narrative Statement shall be filed on or before **June 30, 2008**.

4.    Defendant's Pretrial Narrative Statement shall be filed on or before **July 14, 2008**.

8.    A pretrial conference is scheduled for **July 16, 2008 at 1:30 P.M.** in Courtroom 6C, 6th Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219.
Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation. **Trial counsel must attend.**

So **ORDERED** this 9th day of May, 2008.

                                        BY THE COURT:

                                        s/Terrence F. McVerry
                                        United States District Court Judge

cc: Byron L. Pickard, Esquire
Thelen Reid Brown Raysman & Steiner
Email: bpickard@thelen.com

Douglas C. Hart, Esquire
Leech, Tishman, Fuscaldo & Lampl
Email: dhart@leechtishman.com

Gerald Zingone, Esquire
Thelen Reid Brown Raysman & Steiner LLP
Email: gzingone@thelenreid.com

Manning J. O'Connor, II, Esquire
Leech Tishman Fuscaldo & Lampl, LLC
Email: moconnor@leechtishman.com

Bruce A. Americus, Esquire
Buchanan Ingersoll
Email: americusba@bipc.com

Matthew F. Burger, Esquire
Buchanan Ingersoll & Rooney
Email: matthew.burger@bipc.com

Stanley Parker, Esquire
Buchanan Ingersoll
Email: parkersj@bipc.com

Daniel C. Garfinkel, Esquire
Buchanan Ingersoll & Rooney
Email: daniel.garfinkel@bipc.com

S. Manoj Jegasothy, Esquire
Buchanan Ingersoll & Rooney PC
Email: smjegasothy@klettrooney.com

Thomas L. VanKirk, Esquire
Buchanan Ingersoll
Email: thomas.vankirk@bipc.com

Jason A. Archinaco
White & Williams
Email: archinacoj@whiteandwilliams.com

Richard M. Jordan, Esquire
White & Williams
Email: jordanr@whiteandwilliams.com

Stuart C. Gaul, Jr., Esquire
Thorp, Reed & Armstrong, LLP
Email: sgauljr@thorpreed.com

William M. Wycoff, Equire
Thorp, Reed & Armstrong
Email: wwycoff@thorpreed.com

William F. Ward, Esquire
Thieman & Ward
Email: wfw@wardmcgough.com

Jeremy A. Mercer, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
Email: jeremy.mercer@klgates.com

Joseph Leibowicz, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis
Email: klgateseservice@klgates.com

Syed D. Ali, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
Email: syed.ali@klgates.com