# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADANI EXPORTS LTD., )
)
        Plaintiff, )
)
        v. ) 02: 05-cv-0304
)
AMCI (EXPORT) CORPORATION, et al, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER OF COURT

January 21, 2009

      Presently before the Court for disposition is the MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 14, 2008 MEMORANDUM ORDER EXCLUDING THE TESTIMONY OF MARK GLEASON AND REQUEST FOR A *DAUBERT* HEARING REGARDING MARK GLEASON'S QUALIFICATIONS AS AN EXPERT AND THE ADMISSIBILITY OF HIS TESTIMONY, with brief in support, filed by Defendant, AMCI (Export) Corporation ("AMCI-Export") (*Document Nos. 197 and 198,* respectively), the brief in opposition filed by Plaintiff (*Document No. 199*), and the REPLY BRIEF filed by AMCI-Export (*Document No. 200*).

      On January 15, 2009, the Court heard testimony with exhibits and argument on the motion for reconsideration during a four-hour hearing. The parties were represented by counsel who argued the issues skillfully and effectively. Additionally, the Court has reviewed the transcript of the deposition testimony of Mr. Gleason taken on January 9, 2009, by counsel for Adani Exports Ltd. The matter is now ripe for disposition.

**Procedural History**

On April 15, 2008, AMCI-Export filed a seven-page Expert Report of Mark M. Gleason with several exhibits and appendices. Thereafter, Plaintiff filed a motion to exclude the testimony of Mr. Gleason. On November 14, 2008, the Court issued a Memorandum Opinion and Order in which the testimony of Mr. Gleason was excluded in its entirety. The Court found that Mr. Gleason possessed the qualifications to present as an expert witness in some areas of accounting and financial analysis; however, the Court determined as follows:

> Gleason does not possess, nor does he claim to possess, expertise with regard to the coal industry in general or international trade coal trading in particular. Furthermore, the foundation of many of Gleason's opinions were taken directly from the expert report of Gubbins, without any independent investigation. Accordingly, the Court finds and rules that Gleason is not qualified to testify as an expert in these areas and, as such, his testimony will be precluded.

Not surprisingly, AMCI-Export filed the instant Motion for Reconsideration in which it argues that the Court erred by its failure to have not held a "*Daubert*" hearing prior to excluding Mr. Gleason's testimony and that AMCI-Export should be "granted the opportunity to establish an evidentiary record to demonstrate that Mr. Gleason is a qualified expert and that he should be permitted to testify to the opinions in his report." Br. at 2.

Attached to AMCI-Export's Motion for Reconsideration was the Affidavit of Mark Gleason dated November 21, 2008, which was obviously prepared in response to the Court's Memorandum Opinion and Order of November 14, 2008, and which provided a detailed listing of Mr. Gleason's extensive experience in having provided financial and damage analysis in matters involving the coal and related industries. No similar background information reflecting

Mr. Gleason's coal-related experience had previously been disclosed or provided to the Court by submission or deposition testimony.

On December 19, 2008, the Court heard oral argument from counsel by telephone on the Motion for Reconsideration. AMCI-Export reiterated its position that Mr. Gleason was not being offered to provide expert testimony with regard to the technical aspects of the coal industry, but rather his opinions focus on damages analysis and methodology and criticism of Adani's theories and calculations regarding its alleged damages. After discussion with counsel, the Court concluded that Plaintiff would not be prejudiced by a *Daubert* hearing as no trial date had been scheduled and AMCI-Export had represented that Mr. Gleason would not be altering the opinions as set forth in his expert report.

On January 15, 2009, the *Daubert* hearing was conducted during which Mr. Gleason was the sole witness.

**Legal Discussion**

AMCI-Export argues that the Court abused its discretion in not holding a *Daubert* hearing before excluding the testimony of Mr. Gleason. Although it is true that the United States Court of Appeals for the Third Circuit has "long stressed the importance of *in limine* hearings under Rule 104(a) in making the reliability determination required under Rule 702 and *Daubert*," it remains black letter law that it is within the discretion of the District Court to determine whether such a hearing is necessary. *Padillas v. Stork-Gamco, Inc*., 186 F. 3d. 412, 417-18 (3d Cir. 1999). In *Padillas*, the appellate court determined that the district court abused its discretion in failing to hold a hearing where the evidentiary record before the district court

was not sufficient to allow the district court to determine what methodology was used by the expert in arriving at his conclusion. *Id.* at 418.

In this case, the Court decided that it was not necessary to conduct a hearing under the circumstances because there was an adequate and sufficient factual record. The parties had extensively briefed the issue of the admissibility of expert testimony of Mr. Gleason, the Court had the transcript of the deposition testimony of Mr. Gleason, his curriculum vitae, and his seven-page expert report.

However, in an abundance of caution, and recognizing that AMCI-Export had supplemented the record with information that was not before the Court at the time of its decision to exclude the testimony of Mr. Gleason, the Court granted AMCI-Export's request to hold a *Daubert* hearing.

**Standard of Review**

Expert testimony is considered by the trier of fact only if it is first determined that the testimony will assist the trier of fact. Where the evidence sought to be precluded is of a non-scientific nature, "the relevant reliability concerns will focus upon [an expert's] personal knowledge and experience." *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137 (1999).

A district court must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used. This connection has been described as a fit between the testimony offered and the facts of the case. The Court is to act as the gatekeeper and preclude the admission of expert opinions which are not tied to the facts of the case. The "gatekeeping inquiry must be tied to the facts of a particular case." *See Kumho Tire*, 526 U.S. at 149.

Under Rule 703 of the Federal Rules of Evidence, experts may rely on facts from firsthand knowledge or observation, information learned at the hearing or trial, and facts learned out of court. Rule 705 provides for the disclosure of facts underlying the expert's opinion. See also Fed. R. Civ. P. 26(a)(2)(B) and 26(e) (1) relating to disclosure in advance of trial of the basis and reasons for an expert's opinion. It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record.[1] *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002).

Our appellate court has set forth a non-exhaustive list of factors which should be considered when the court inquires into the reliability of proposed expert testimony. Those factors include: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based upon the methodology; and (8) the non-judicial uses to which the method has been put. *Oddi v. Commonwealth of Pennsylvania, Department of Transportation*, 234 F.3d 136, 145 (3d Cir. 2000).

In *Elcock v. Kmart Corp.,* 233 F.3d 734, 746 (3d Cir. 2000), our appellate court stated:

---

[1] In its Memorandum Opinion of November 14, 2008, the Court observed that Mr. Gleason relied to some degree on facts and findings in the expert report of Colin Gubbins, which the Court acknowledges to be permissible and acceptable.

5

> *Kumho Tire* makes clear that this list is non-exclusive and that each factor need not be applied in every case. As noted above, it also resolves the question whether these same factors should be applied when testing the reliability of a non-scientific method:
>
> *Daubert's* gatekeeping requirement . . . . makes certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. . . . The trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. That is to say, a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony.

*Elcock* (citing *Kumho Tire,* 526 U.S. at 152).

Based upon the questioning and testimony of Mr. Gleason during the hearing, along with his exhibits and affidavit, the Court finds and rules that Mr. Gleason has had extensive experience in the domestic and international coal and related industries and, therefore, will be permitted to testify as to the opinions in his report. These qualifications include that he has been a Certified Public Accountant since 1975 and over the past twenty-nine (29) years has worked on numerous significant engagements in the coal industry. Many of these engagements involved analyzing claims for both cover damages and lost profit damages under the Uniform Commercial Code resulting from alleged breaches of coal supply agreements. Moreover, he has been qualified as an expert and testified in court with regard to various financial and damage matters in numerous cases which involved the coal industry for coal companies and other industries as well. Although Mr. Gleason has significant familiarity and experience in financial matters related to the coal industry, he is being proffered as an expert in the financial analysis of Plaintiff's damages claims and calculations and he will be recognized as qualified to testify to the opinions in his report.

It is abundantly clear that counsel for Plaintiff disagrees with the conclusions and opinions of Mr. Gleason. Counsel for Plaintiff will be free to explore and potentially expose that which he perceives to be deficiencies in Mr. Gleason's trial testimony by way of cross-examination and closing argument. However, at this point, the Court finds and rules that Mr. Gleason's opinions and conclusions may assist the trier of fact in making its determinations. Whether the opinions and conclusions of Mr. Gleason are supported by the facts of the case goes to the weight the jury may ascribe to his opinions and conclusions, not the admissibility of same. Plaintiff is free to argue that they should be given limited or no weight based upon the facts presented at trial.

**Conclusion**

Accordingly, for all the foregoing reasons, the Court will grant the Motion for Reconsideration of AMCI-Export and permit the expert opinion testimony of Mr. Gleason at trial.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADANI EXPORTS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05-cv-0304 |
| | ) | |
| AMCI (EXPORT) CORPORATION, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 21st day of January, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED that the MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 14, 2008 MEMORANDUM ORDER EXCLUDING THE TESTIMONY OF MARK GLEASON AND REQUEST FOR A DAUBERT HEARING REGARDING MARK GLEASON'S QUALIFICATIONS AS AN EXPERT AND THE ADMISSIBILITY OF THIS TESTMONY is **GRANTED** and Mark Gleason is permitted to offer opinion testimony in accordance with his expert report at the trial of this case.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Byron L. Pickard, Esquire
Thelen Reid Brown Raysman & Steiner
Email: bpickard@thelen.com

Douglas C. Hart, Esquire
Leech, Tishman, Fuscaldo & Lampl
Email: dhart@leechtishman.com

Gerald Zingone, Esquire
Bingham McCutchen LLP
Email: gerald.zingone@bingham.com

Manning J. O'Connor, II, Esquire
Leech Tishman Fuscaldo & Lampl, LLC
Email: moconnor@leechtishman.com

Bruce A. Americus, Esquire
Buchanan Ingersoll
Email: americusba@bipc.com

Matthew F. Burger, Esquire
Buchanan Ingersoll & Rooney
Email: matthew.burger@bipc.com

Stanley Parker, Esquire
Buchanan Ingersoll & Rooney
Email: stanley.parker@bipc.com

Daniel C. Garfinkel, Esquire
Buchanan Ingersoll & Rooney
Email: daniel.garfinkel@bipc.com

S. Manoj Jegasothy, Esquire
Buchanan Ingersoll & Rooney PC
Email: smjegasothy@klettrooney.com

Thomas L. VanKirk, Esquire
Buchanan Ingersoll
Email: thomas.vankirk@bipc.com

Jason A. Archinaco, Esquire
White & Williams
Email: archinacoj@whiteandwilliams.com

Richard M. Jordan, Esquire
White & Williams
Email: jordanr@whiteandwilliams.com

Stuart C. Gaul , Jr., Esquire
Thorp, Reed & Armstrong, LLP
Email: sgauljr@thorpreed.com

William M. Wycoff, Esquire
Thorp, Reed & Armstrong
Email: wwycoff@thorpreed.com

William F. Ward, Esquire
Ward McGough, LLC
Email: wfw@wardmcgough.com

Jeremy A. Mercer, Esquire
K&L Gates LLP
Email: jeremy.mercer@klgates.com

Joseph Leibowicz, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis
Email: klgateseservice@klgates.com

Syed D. Ali, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
Email: syed.ali@klgates.com